## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH SKAGGS, individually and on behalf of all others similarly situated, | CIVIL ACTION |
| Plaintiff, | Case No. |
| v. | **COMPLAINT – CLASS AND COLLECTIVE ACTION** |
| GABRIEL BROTHERS, INC. d/b/a GABE'S | |
| Defendant. | JURY TRIAL DEMANDED |

Plaintiff, Deborah Skaggs ("Skaggs" or "Plaintiff"), files this Class and Collective Action Complaint against Defendant, Gabriel Brothers, Inc. d/b/a Gabe's (collectively, "Defendant" or "Gabe's"), seeking all relief available under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), on behalf of herself and all current and former "Assistant Managers" ("AMs"), however variously titled, who work (or worked) at any of Defendant's stores in the United States of America during the relevant time period.[1]   The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.      Plaintiff brings this action on behalf of herself and similarly situated current and former AMs to recover unpaid overtime pursuant to the FLSA and PMWA.  Gabe's violated the FLSA and PMWA by failing to pay its AMs overtime compensation for the hours they worked

---

[1] The term "AM" includes, but is not limited to, individuals holding the "Merchandise Manager" and "Customer Experience Manager" job titles.

over forty (40) in one or more workweeks because Gabe's classifies them as exempt from overtime.

2.      Gabe's employs AMs in more than 100 stores  in thirteen (13) states, including Delaware, Georgie, Maryland, New Jersey, North Carolina, Ohio, Pennsylvania, and Tennessee. *See* https://www.gabesstores.com/about-gabes (last accessed November 26, 2019).

3.      Although Gabe's considers its AMs to be "managers," AMs are not responsible for true management functions.  To the contrary, AMs spend the vast majority of their time performing the same duties as non-exempt employees, including helping customers, ringing up customers on the cash register, unloading trucks, processing freight, moving merchandise, taking orders, and cleaning the store.

4.      AMs report to Store Managers who, in turn, report to district and other supervisory personnel.  Store Managers are the highest level of management in Gabe's stores.

5.      AMs are classified by Gabe's as exempt from overtime, even though their duties do not fall within any of the exemptions under federal or state overtime laws.

6.      As alleged herein, Plaintiff and all other similarly situated were required to work more than forty (40) hours in a workweek while employed by Gabe's in order to complete their job duties.  However, in accordance with Gabe's policy, pattern, and/or practice, they were misclassified as exempt from overtime compensation and were not paid at the mandated rate of time-and-one-half for all hours worked in excess of forty (40) in a workweek.

7.      Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of herself and all persons who are or were formerly employed by Gabe's in the United States during the relevant time period as AMs, and individuals holding comparable salaried positions with different titles (the "AM Collective").

2

8.      Pursuant to the PMWA and Fed. R. Civ. P. 23, Plaintiff also brings this action on behalf of herself and as the representative of a class comprising all persons who are or were formerly employed by Gabe's in Pennsylvania during the relevant time period as AMs, and individuals holding comparable salaried positions with different titles (the "AM Class").

9.      Gabe's systematic failure and refusal to pay Plaintiff and all other similarly situated AMs for all hours worked over forty (40) in a workweek violates the FLSA and PMWA.

## THE PARTIES

*Plaintiff Deborah Skaggs*

10.      Skaggs resides in Hanover, Pennsylvania (York County).  Between approximately August 2014 and March 2017, Skaggs was employed by Gabe's as an AM at a store in York, Pennsylvania (York County).

11.      Throughout her employment as an AM with Gabe's, Skaggs was scheduled to work at least 47.5 hours each week with a 30-60 minute lunch break each day, though she worked more. On average, during each week of her employment with Gabe's, Skaggs worked approximately 55 to 60 hours, including during the weeks leading up to, and of, Thanksgiving and Christmas 2017.

12.      Skaggs spent the vast majority of her time performing the same duties as non-exempt employees, including helping customers, ringing up customers on the cash register, unloading trucks, processing freight, moving merchandise, taking orders, and cleaning the store.

13.      The work Skaggs performed was at the direction, and for the benefit, of Gabe's.

14.      Pursuant to Gabe's policy, pattern or practice of classifying AMs as exempt from overtime, Skaggs was not paid premium overtime compensation for all hours worked over forty (40) in a workweek.

15.      Skaggs has consented to join this action.  *See* Exhibit A.

3

***Defendant Gabriel Brothers, Inc.***

16.     Gabriel Brothers, Inc. is a West Virginia corporation with its principal place of business located in Morgantown, West Virginia.

17.     Gabe's owns and operates more than 100 stores throughout the United States. *See* https://www.gabesstores.com/about-gabes (last accessed November 26, 2019).

18.     At all relevant times, Gabe's employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former AMs and, among other things, maintained control, oversight and direction over Plaintiff and other AMs, including with respect to timekeeping, payroll and other employment practices that applied to them.

19.     Gabe's applies the same employment policies, practices, and procedures to all AMs nationwide.

20.     Gabe's is a covered employer within the meaning of the FLSA and PMWA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

21.     At all relevant time, Gabe's has had gross revenues exceeding $500,000.00.

## JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 29 U.S.C. § 216(b).

23.     In addition, the Court has supplemental jurisdiction over Plaintiff's state law class action claims brought under PMWA pursuant to 28 U.S.C. § 1367.

24.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

25.     Gabe's is subject to personal jurisdiction in Pennsylvania.  Gabe's purposefully availed itself of jurisdiction by operating stores in Pennsylvania.

26.     Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims in this Class and Collective Action Complaint occurred within this District and because Plaintiff resides in this District.

## GENERAL FACTUAL ALLEGATIONS

27.     Gabe's is a privately held corporation with its headquarters located in Morgantown, West Virginia.  According to its website, Gabe's sells " brand name fashions and footwear for the entire family, home décor and kitchen tools, work gear, great gets for pets, and more." *See* https://www.gabesstores.com/about-gabes (last accessed November 26, 2019).

28.     Gabe's owns and operates 107 stores in thirteen (13) states: Delaware, Georgia, Indiana, Kentucky, Maryland, New Jersey, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Virginia and West Virginia. *Id.*  Gabe's employs AMs at each its stores.

29.     Gabe's maintains strict control, oversight, and discretion over the operation of its stores, including its employment practices with respect to Plaintiff and the members of the putative AM Class and AM Collective.

30.     Plaintiff's work and the work of the members of the putative AM Class and AM Collective was performed in the normal course of Gabe's business and was integrated into it.

31.     Consistent with Gabe's policy, pattern and/or practice, Plaintiff and the members of the putative AM Class and AM Collective worked in excess of forty (40) hours per workweek without being paid overtime compensation.  AMs are scheduled to work at least 47.5 hours each workweek (with a 30-minute lunch break each day), however, in reality AMs work more hours each workweek.

32.     All of the work that Plaintiff and the members of the putative AM Class and AM Collective performed has been assigned by Gabe's, who is aware of the work they performed.  This work required little skill and no capital investment.  Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

33.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Gabe's classifies all AMs as exempt from the overtime provisions of the FLSA and PMWA.

34.     The primary job duties of Plaintiff and the members of the putative AM Class and AM Collective did not include hiring, firing, or disciplining other employees.

35.     The primary job duties of Plaintiff and the members of the putative AM Class and AM Collective did not materially differ from the job duties of non-exempt hourly paid employees.

36.     The primary job duties of Plaintiff and the members of the putative AM Class and AM Collective did not include the exercise of meaningful independent discretion with respect to their duties.

37.     The primary job duties of Plaintiff and the members of the putative AM Class and AM Collective were manual and/or clerical in nature.  The performance of manual and/or clerical labor occupied the majority of the working hours of Plaintiff and the members of the putative AM Class and AM Collective.

38.     Plaintiff and the members of the putative AM Class and AM Collective are similarly situated in that they have substantially similar job duties and are subject to Gabe's common compensation policies, patterns, and/or practices.

39.     Upon information and belief, Gabe's did not perform a person-by-person analysis of Plaintiff and the members of the putative AM Class's and AM Collective's job duties when making the decision to classify AMs as exempt from overtime under the FLSA and PMWA.

40.     Due to the foregoing, Gabe's failure to pay overtime wages for work performed by Plaintiff and the members of the putative AM Class and AM Collective in excess of forty (40) hours per week was willful.

41.     The work performed by Plaintiff and the members of the putative AM Class and AM Collective constitutes compensable work time under the FLSA and PMWA and was not preliminary, postliminary or *de minimis*.

42.     Gabe's unlawful conduct has been widespread, repeated, and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff brings the First Cause of Action, 29 U.S.C. § 216(b), on behalf of herself and the putative AM Collective.

44.     At all relevant times, Plaintiff and the members of the putative AM Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

45.     Gabe's is an employer of Plaintiff and the members of the putative AM Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

46.     At all relevant times, Plaintiff and the members of the putative AM Collective were

employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

47.     Gabe's has failed to pay Plaintiff and the members of the putative AM Collective overtime compensation to which they are entitled under the FLSA.

48.     Gabe's has failed to keep accurate records of time worked by Plaintiff and the members of the putative AM Collective.

49.     Defendant is liable under the FLSA for, among other things, failing to properly compensate Plaintiff and the members of the putative AM Collective.

50.      Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the putative AM Collective were not paid overtime compensation when they worked beyond forty (40) hours in a workweek.

51.     All of the work that Plaintiff and the members of the putative AM Collective performed has been assigned by Defendant, and/or Defendant has been aware of such work.

52.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the putative AM Collective.  This policy and pattern or practice includes, but is not limited to:

(a)     willfully failing to pay Plaintiff and the members of the putative AM Collective premium overtime wages for hours that they worked in excess of forty (40) hours per workweek;

(b)     willfully misclassifying Plaintiff and the members of the putative AM Collective as exempt from the overtime protections of the FLSA; and

(c)     willfully failing to record all of the time that its employees, including Plaintiff and the members of the putative AM Collective, worked for the benefit of Defendants.

53.     Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the members of the putative AM Collective overtime compensation for all hours worked in excess of forty (40) in a workweek.

54.     Plaintiff and the members of the putative AM Collective perform or performed the same primary duties.

55.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

### **CLASS ACTION ALLEGATIONS**

56.     Plaintiff bring the Second Cause of Action, 43 Pa. Stat. § 333.113, under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the members of the AM Class.

57.     The persons in the AM Class are so numerous that joinder of all members is impracticable.  Although Plaintiff does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

58.     Upon information and belief, the size of the AM Class is at least fifty (50) workers.

59.     The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the AM Class that predominate over any questions solely affecting individual members.

60.     Such questions include:

(a)     whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the AM Class;

(b)     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

(c)     whether Defendant failed and/or refused to pay Plaintiff and the AM Class overtime pay for hours worked in excess of forty (40) hours per workweek within the meaning of the PMWA;

(d)     the nature and extent of Class-wide injury and the appropriate measure of damages for the AM Class;

(e)     whether Defendant has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the PMWA; and

(f)     whether Defendant's policy of misclassifying workers was done willfully or with reckless disregard of the PMWA.

61.     The claims of Plaintiff are typical of the claims of the members of the putative AM Class she seeks to represent.  Plaintiff and the members of the putative AM Class work or have worked for Defendant and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of forty (40) hours per week.

62.     Plaintiff will fairly and adequately represent and protect the interests of the members of the putative AM Class.  Plaintiff understands that, as the class representatives, she assumes a fiduciary responsibility to the members of the putative AM Class to represent their interests fairly and adequately.  Plaintiff recognizes that as the class representative, she must represent and consider the interests of the members of the putative AM Class just as she would represent and consider her own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and any potential settlement she must not favor her own interests over those members of the putative AM Class.  Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the members of the putative AM Class.  Plaintiff also understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

63.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action,

where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the putative AM Class  have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the putative AM Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

64.     Class certification of Plaintiff's claims is appropriate because Gabe's has acted or refused to act on grounds generally applicable to the AM Class, making appropriate both declaratory and injunctive relief with respect to the AM Class.  The AM Class is entitled to injunctive relief to end Gabe's common and uniform policy and practice.

65.     Plaintiff has retained counsel competent and experienced in complex class action wage and hour litigation.

66.     Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Overtime Wages
### (Brought on Behalf of Plaintiff and the AM Collective)

67.     Plaintiff realleges and incorporates by reference the above allegations.

68.     Gabe's has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the members of the putative AM Collective, as detailed in this Collective Action Complaint.

69.     Upon information and belief, Gabe's established labor budgets to cover labor costs

for the stores in which Plaintiff and the members of the putative AM Collective worked.  However, Gabe's did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each store.

70.     Gabe's knew or recklessly disregarded the fact that their underfunding of store labor budgets resulted in Plaintiff and the members of the putative AM Collective (who were not paid overtime) working more than forty (40) hours in a workweek without receiving any overtime compensation.  This allowed Gabe's to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

71.     Because Gabe's underfunded store labor budgets, which in turn limited the amount of money available to pay non-exempt employees to perform manual and customer service tasks, AMs were required to – and did – perform these non-exempt tasks.

72.     In fact, the performance of non-management work was the primary duty of Plaintiff and the members of the AM Collective.  These primary duties included serving customers, ringing customers up on the cash register, preparing food, working the drive-thru, stocking, counting inventory, and cleaning the store.

73.     Gabe's knew, by virtue of the fact that its upper level management employees (as its authorized agents) actually saw Plaintiff and the members of the AM Collective primarily perform manual labor and non-exempt duties, that Plaintiff and other similarly situated AMs were not performing activities that complied with any FLSA exemption.  Inasmuch as Gabe's is a substantial corporate entity aware of its obligations under the FLSA, it acted willfully or recklessly in failing to classify Plaintiff and other similarly situated AMs as non-exempt employees.

74.     Upon information and belief, and as part of its regular business practices, Gabe's has intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating

the FLSA with respect to Plaintiff and the members of the putative AM Collective.  This policy and pattern or practice includes but it is not limited to:

    (a)    willfully misclassifying Plaintiff and the members of the putative AM Collective as exempt from the requirements of the FLSA;

    (b)    willfully failing to pay Plaintiff and the members of the AM Collective overtime wages for all hours they worked in excess of forty (40) hours per week; and

    (c)    willfully failing to provide enough money in its store-level labor budgets.

75.    Gabe's unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Gabe's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

76.    As further evidence of its willful or reckless failure to classify Plaintiff and the members of the AM Collective as non-exempt employees, Gabe's has uniformly failed to: (a) accurately track or record actual hours worked by Plaintiff and the members of the putative AM Collective; and (b) provide Plaintiff and the members of the putative AM Collective with a method to accurately record the hours they actually worked.

77.    Gabe's did not make a good faith effort to comply with the FLSA with respect to its timekeeping and compensation of Plaintiff and the members of the putative AM Collective.

78.    Gabe's was or should have been aware that the FLSA required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per week.

79.    Gabe's is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the putative AM Collective for all hours worked in excess of forty (40) in a workweek.

80.     Upon information and belief, there are potentially hundreds of similarly situated current and former AMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the members of the putative AM Collective, pursuant to 29 U.S.C. § 216(b).

81.     The members of the putative AM Collective are known to Gabe's, are readily identifiable, and can be located through Gabe's records.

82.     Because Gabe's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

83.     As a result of Gabe's willful violations of the FLSA, Plaintiff and the members of the putative AM Collective have suffered damages by being denied overtime compensation in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages and attorneys' fees, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Pennsylvania Minimum Wage Act – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the AM Class)**

84.     Plaintiff realleges and incorporates by reference the above allegations.

85.     The overtime wage provisions set forth in 43 Pa. Stat. § 333.101 *et seq*. of the PMWA apply to Gabe's.

86.     At all relevant times, Defendant has been and continues to be an "employer" within the meaning of the PMWA.

87.     At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiff and the members of the putative AM Class, within the meaning of the PMWA.

88.     The PMWA requires an employer, such as Defendant, to compensate all non-exempt employees for all hours worked.  Plaintiff and the members of the putative AM Class are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

89.     The members of the putative AM Class are similarly situated because they all performed the same primary duties, responsibilities and activities, and all are subject to Gabe's common policy and practice, implemented throughout the state of Pennsylvania, of misclassifying them as exempt from the overtime requirements of the PMWA.

90.     The primary duties of Plaintiff and the members of the putative AM Class were non-exempt in nature and included serving customers, breaking down shipments, preparing food, setting up displays, stocking shelves, physically moving merchandise, counting inventory, and cleaning the store.

91.     Gabe's unlawful conduct was willful and/or in reckless disregard of the PMWA, and was done pursuant to Gabe's centralized, company-wide policy, pattern and/or practice of attempting to minimize labor costs by misclassifying Plaintiff and the members of the putative AM Class as exempt but requiring them to perform non-exempt duties as their primary duties.

92.     At all relevant times, Defendant had a policy and practice of failing and refusing to pay overtime compensation to Plaintiff and the members of the putative AM Class for all hours worked in excess of forty (40) in a workweek.

93.     As a result of Defendant's failure to pay overtime compensation earned and due to Plaintiff and the members of the putative AM Class at a rate not less than one and one-half times

their regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated the PMWA.

94.     As a result of Gabe's violation of the PMWA, Plaintiff and the members of the putative AM Class suffered damages by being denied overtime compensation in accordance with the PMWA, in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as attorneys' fees, pursuant to 43 Pa. Stat. § 333.113.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the putative AM Collective and AM Class, pray for the following relief:

1.     Designation of this action as an FLSA collective action on behalf of Plaintiff and the members of the putative AM Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the AM Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

2.     Certification of the PMWA state law claim as a class action on behalf of the AM Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3.     Designation of Plaintiff as Class Representative for the AM Class and counsel of record as Class Counsel;

4.     An award of unpaid overtime compensation for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and PMWA using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime

Hours Worked x 1.5);

5.      An award of liquidated damages under the FLSA and PMWA as a result of Gabe's

willful failure to pay for all hours worked in excess of forty (40) in a workweek at

a rate of time and one-half of the regular rate of pay;

6.      An award of damages representing Gabe's share of FICA, FUTA, state

unemployment insurance, and any other required employment taxes;

7.      An award of service payments to Plaintiff;

8.      An award of pre-judgment and post-judgment interest;

9.      An award of costs and expenses of this action, together with reasonable attorneys'

and expert fees to Plaintiff's counsel pursuant to the FLSA and PMWA;

10.     An injunction requiring Gabe's to cease its practice of violating the FLSA and

PMWA in the future;

11.     Issuance of a declaratory judgment that the practices complained of in this Class

and Collective Action Complaint are unlawful and/or willful under the FLSA and

PMWA; and

12.     Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by this Class and Collective Action Complaint.

Dated: November 26, 2019             *s/ Jason Conway*
                                     Jason Conway (PA 317113)
                                     **CONWAY LEGAL, LLC**
                                     1700 Market Street, Suite 1005
                                     Philadelphia, PA 19103
                                     Telephone: (215) 278-4782
                                     Fax: (215) 278-4807

17

jconway@conwaylegalpa.com

**_Attorney for Plaintiff and the Putative AM Class and AM Collective_**