

**Littler Mendelson, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321

August 21, 2020

Paul J. Sopher
267.402.3019 direct
267.402.3000 main
267.285.2754 fax
psopher@littler.com

**VIA ECF**

The Honorable Jennifer P. Wilson
United States District Court
Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

Re:   *Deborah Skaggs v. Gabriel Brothers, Inc. d/b/a Gabe's*
      Case No. 1:19-CV-02032

Dear Judge Wilson:

This firm represents Defendant Gabriel Brothers, Inc. ("Gabe's") in the above-referenced FLSA putative collective action. Pursuant to Your Honor's directive during the August 3, 2020 telephonic status conference and Your Honor's policies and procedures, we write to address Plaintiff Deborah Skaggs' and Opt-in Plaintiff Holly Hofmann's failure and subsequent refusal to produce metadata associated with their production of electronically stored information ("ESI") (i.e., emails, text messages, and digital photos). Gabe's has met and conferred with Plaintiff's counsel multiple times on this issue. Despite Gabe's efforts, including withdrawing its request for metadata as to electronic documents of which it has a copy in its custody, Ms. Skaggs and Ms. Hofmann refuse to produce *any* metadata for *any* of the ESI they produced.

## Background

Gabe's served Document Requests on Ms. Skaggs and Ms. Hofmann on April 21, 2020. In its Document Requests, Gabe's made clear that the documents it sought from Ms. Skaggs and Ms. Hofmann "shall specifically include metadata of electronic documents." Def.'s First Reqs. for Prod. of Docs. § II.C. On May 22, 2020, Ms. Skaggs and Ms. Hofmann provided written responses to Gabe's Documents Requests and made no objection to Gabe's request for metadata.[1]

Ms. Skaggs produced fourteen pages of documents in response to Gabe's Document Requests. She produced all of the documents in pdf format. Ms. Hofmann produced 516 pages of documents in response to Gabe's Document Requests. She produced all of the documents in pdf format. Included among Ms. Skaggs' and Ms. Hofmann's productions are multiple electronic documents, including text messages,

---

[1] *Cf. McDonnel Grp., LLC v. Starr Surplus Lines Ins. Co.*, Civ. A. No. 18-1380, 2018 WL 4775063, at *1 (E.D. La. Oct. 3, 2018) (where the requesting party specifies the form of production, and there is no timely objection, the responding party waives that objection).

digital photos, and emails. Neither Ms. Skaggs nor Ms. Hofmann produced any metadata associated with these documents, despite Gabe's request for it.

Gabe's deposed Ms. Hofmann on July 10, 2020, the day after she produced the text messages. When presented with the text messages at her deposition, Ms. Hofmann was unable to identify with certainty with whom she was texting, the dates the text messages were sent or received, or even whether what she produced represented multiple text messages exchanged on the same or separate dates. A copy of the text messages Ms. Hofmann produced will be forwarded to Your Honor by email, as Plaintiff's counsel has designated the text messages "Confidential" pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order (ECF 18).

Following Ms. Hofmann's deposition, Gabe's reiterated its request for metadata associated with the ESI Mses. Hofmann and Skaggs produced, including by letter of July 16, 2020, teleconference with Plaintiff's counsel on July 24, 2020, and through multiple emails both before and after the August 3 conference with the Court. In these meet-and-confer efforts, Gabe's offered multiple compromises to Plaintiff's counsel, including withdrawing its request for metadata with respect to (1) Ms. Skaggs' and Ms. Hofmann's emails with Gabe's employees using the employees' Gabe's email addresses; (2) Ms. Hofmann's digital photos of her paystubs and IRS Forms W-2 from Gabe's; (3) Ms. Hofmann's screenshot of her LinkedIn profile; and (4) Ms. Skaggs' screenshot of her LinkedIn profile. Gabe's further agreed to compromise by limiting its request to only the specific metadata fields Ms. Skaggs and Ms. Hofmann sought in their discovery requests (and which Gabe's provided), rather than all metadata associated with the ESI produced as it originally requested. Nevertheless, Ms. Skaggs and Ms. Hofmann still refused to produce any metadata for any of the ESI they produced.[2] Accordingly, the parties are at an impasse.

## Argument

In response to Gabe's multiple requests for production of the metadata for the ESI that Mses. Skaggs and Hoffman produced, they continually assert that Gabe's did not request metadata in its Document Requests, and thus they need not produce it. That is false. Gabe's Documents Requests provide that the documents it sought from Mses. Skaggs and Hofmann "shall specifically include metadata of electronic documents." Def.'s First Reqs. for Prod. of Docs. § II.C.

However, even assuming Gabe's did not request metadata in its Document Requests (it did), Mses. Skaggs and Hofmann would still be obliged to produce it under Rule 34. When Mses. Skaggs and Hofmann produced ESI responsive to Gabe's Document Requests, Rule 34 required them to produce it either (1) in a form or forms in which such ESI is ordinarily maintained; or (2) in a reasonably usable form or forms. Fed. R. Civ. P. 34(b)(2)(E)(ii). They did neither.

Ms. Skaggs and Ms. Hofmann do not contend that they ordinarily maintain the text messages, emails, and digital photos they produced in print-to-pdf format; and the documents they produced in print-to-pdf format are not reasonably usable because they do not include metadata. Metadata is critical to Gabe's

---

[2] If the metadata to the ESI was not preserved, then Gabe's requests that Plaintiff's counsel so state.

The Honorable Jennifer P. Wilson
August 21, 2020
Page 3

review of the documents because it provides the most basic and important information about them, such as when they were created, when they were last modified, the author/file creator of the documents, and, with respect to text messages and emails, the identity of the senders and recipients. With respect to digital photos, without the associated metadata, Gabe's has no information regarding when or where the photos were taken.[3] It is especially critical that Gabe's reviews metadata for the text messages Ms. Hofmann produced, insofar as the text messages in the print-to-pdf form in which she produced them lack any information whatsoever identifying the sender, recipient, or dates and times they were sent. Indeed, Ms. Hofmann herself could not even provide this basic information at her deposition.

As the Advisory Committee Notes to Rule 34 provides, "the option to produce [ESI] in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation." Yet that is precisely what Ms. Skaggs and Ms. Hofmann did by producing responsive ESI in print-to-pdf form without metadata.

Courts have routinely ordered parties to produce ESI in a form that includes metadata where, as here, a party converts ESI to a form that strips it of metadata. *See, e.g.*, *Covad Commc'n Co. v. Revonet, Inc.*, 254 F.R.D. 147, 150 (D.D.C. 2008) (ordering re-production of emails converted to TIFF format in native format with metadata, analogizing the conversion of native emails into TIFF format to printing emails: "[f]or hard copy to be an acceptable format, one would have to believe that [the producing party], in its day to day operations, keeps all of its electronic communications on paper").

By converting the ESI they produced to pdf files without metadata, Mses. Skaggs and Hofmann have rendered these documents impossible for any party in this litigation to meaningfully and efficiently use, as they lack even the most basic identifying information necessary to identify and authenticate them. Accordingly, Gabe's respectfully requests that the Court order Ms. Skaggs and Ms. Hofmann to produce metadata associated with the documents set forth in the following tables:

| Documents Produced By Plaintiff Deborah Skaggs | Description |
|---|---|
| PLTF-SKAGGS 000005 – 000007 | Text messages |
| PLTF-SKAGGS 000008 – 000014 | Photos |

---

[3] Two samples of the many photos Mses. Hofmann and Skaggs produced will be emailed to the Court along with the text messages.

The Honorable Jennifer P. Wilson
August 21, 2020
Page 4

| Documents Produced By Opt-In Plaintiff Holly Hofmann | Description |
|---|---|
| PLTF-HOFMANN 000005 – 000013 | Emails external to Gabe's |
| PLTF-HOFMANN 000027 – 000030 | Emails external to Gabe's |
| PLTF-HOFMANN 000038 – 000040 | Email external to Gabe's with attachment |
| PLTF-HOFMANN 000041 – 000044 | Email external to Gabe's with attachment |
| PLTF-HOFMANN 000045 – 000046 | Email – sender, recipient, and dates are cutoff and unclear |
| PLTF-HOFMANN 000050 – 000053 | Resume (date of creation and modification(s) are unclear) |
| PLTF-HOFMANN 000054 – 000056 | Emails external to Gabe's |
| PLTF-HOFMANN 000065 | Email external to Gabe's |
| PLTF-HOFMANN 000068 – 000159 | Photos |
| PLTF-HOFMANN 000161 – 000164 | Photos |
| PLTF-HOFMANN 000166 – 000358 | Photos |
| PLTF-HOFMANN 000361 – 000483 | Photos |
| PLTF-HOFMANN 000484 – 000489 | Text messages (sender, recipient, date, and time are unclear) |
| PLTF-HOFMANN 000490 - 000516 | Photos |

The Honorable Jennifer P. Wilson
August 21, 2020
Page 5


Thank you for Your Honor's time and attention to this matter.

Respectfully,

*s/ Paul J. Sopher*

Paul J. Sopher


cc: All counsel of record (via ECF notice)