IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH SKAGGS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL BROTHERS, INC.,<br><br>Defendant. | Civil No. 1:19-CV-02032<br><br><br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a joint motion to approve a settlement agreement. (Doc. 75.) For the reasons that follow, the motion will be granted.

## BACKGROUND

Plaintiff Deborah Skaggs ("Skaggs") commenced this putative collective civil action on November 26, 2019, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"). (Doc. 1.) The complaint alleges that Defendant Gabriel Brothers, Inc. ("Gabe's") violated the FLSA by failing to pay overtime compensation and misclassifying Skaggs and others as exempt from the FLSA's overtime provisions. (*Id.*) During the lawsuit, four additional individuals opted into this litigation as Plaintiffs, including William Arnold, IV, Holly Hofmann, Dawn Peters, and Montwaine Lake. (Docs. 5, 16, 46, 53.) On March 12, 2021, Skaggs filed a joint notice that the parties had reached an agreement in principle to

1

settle this case, and on May 14, 2021, the parties filed a joint motion to approve the settlement agreement. (Docs. 73, 75.) Under the settlement agreement, Gabe's has agreed to pay Skaggs and opt-in Plaintiffs (collectively, "Plaintiffs") a total sum of $95,000, allocated as follows: $11,516.52 to Skaggs; $4,491.82 to Arnold, IV; $12,966.02 to Hofmann; $5,295.11 to Peters; $5,730.53 to Lake; and $55,000 to Plaintiffs' counsel for attorney's fees. (Doc. 75-2, pp. 3–6.)

In exchange for this payment, Plaintiffs agree to release Defendants from liability for all state and federal claims for unpaid overtime against Gabe's, "as well as any potential additional claims arising out of their prior employment with Gabe's." (*Id.* at 8–9; Doc. 76, p. 13.) The settlement agreement further provides that the parties negotiated all terms and conditions of the agreement at arms-length, "each represented by counsel of their choosing." (Doc. 75-2, p. 11.) The parties concur that the settlement agreement is a settlement of a bona fide dispute and will fully compensate Plaintiffs for any amounts which they claim may be due to them. (Doc. 75-1, pp. 5–7.) Finally, the parties have agreed to a limited non-disclosure provision. (Doc. 76, p. 13.)

## STANDARD OF REVIEW

The FLSA was enacted to "protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 729 (1981). To safeguard employee rights, "a majority of courts

have held that *bona fide* FLSA disputes may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in an FLSA lawsuit." *Bettger v. Crossmark, Inc.*, No. 13-cv-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015) (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  While the Third Circuit Court of Appeals has not addressed whether parties can settle FLSA suits for unpaid wages without court approval, "district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary."  *Id.*; *see also McGee v. Ann's Choice*, No. 12-cv-2664, 2014 WL 2114582 (E.D. Pa. June 4, 2014); *Owens v. Interstate Safety Serv., Inc.*, No. 17-cv-0017, 2017 WL 5593295 (M.D. Pa. Nov. 21, 2017).

Following the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc.*, a proposed settlement agreement may satisfy judicial review if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  679 F.2d at 1355.  A settlement agreement resolves a bona fide dispute if its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute."  *Id.*  If the court is satisfied that the settlement agreement resolves a bona fide dispute, the court then determines whether the agreement is fair and reasonable to the plaintiff, and whether the settlement furthers or "impermissibly

3

frustrates" the implementation of the FLSA. *Bettger*, 2015 WL 279754, at *4 (citing *Altenbach v. Lube Ctr.*, No. 08-cv-2178, 2013 WL 74251 (M.D. Pa. Jan. 4, 2013)).

## DISCUSSION

The court first addresses whether the settlement agreement resolves a bona fide dispute between the parties. If the agreement reflects a reasonable compromise of the issues in this suit, the court can approve the settlement "to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. Here, the terms of the agreement itself, Doc. 75-2, as well as Skaggs' complaint, Doc. 1, and Gabe's answer, Doc. 7, demonstrate that a bona fide dispute exists regarding whether Plaintiffs worked overtime, were entitled to overtime compensation, and were misclassified under the FLSA. For example, Plaintiffs allege that they worked in excess of forty hours per week without appropriate overtime compensation and were misclassified under the FLSA such that they were ineligible for overtime compensation based on Gabe's designation. (Doc. 1, ¶¶ 6–7, 31–42, 47–53.) Gabe's denies that Plaintiffs worked over forty hours per week, that it violated the FLSA, and argues that Plaintiffs' claims may be foreclosed by the statute of limitations. (Doc. 76, p. 16.) Moreover, disputes existed regarding the work performed by Plaintiffs, "the proper standards for willfulness and good faith, and how damages are determined." (*Id.*) Indeed,

Gabe's asserts that if it did violate the FLSA, it did not do so willfully.  (*Id.*)  As the court's obligation is "not to act as a caretaker but as a gatekeeper," the court is satisfied that the settlement agreement resolves a bona fide dispute between the parties.  *See Joseph v. Caesar's Entm't Corp.*, No. 10-cv-6293, 2012 WL 12898816, at *2 (D.N.J. July 23, 2012).

Turning to the terms of the agreement itself, the court finds that the settlement agreement is fair and reasonable to Plaintiffs.  Plaintiffs have been represented by counsel who are well-versed in wage and hour litigation throughout this case.  (Doc. 76, p. 18.)  Settlement was reached "only after extensive communications and negotiations between experienced counsel[,]" including a day-long mediation conducted with an equally experienced, impartial mediator.  (*Id.*; Doc. 75-1, p. 13.)  Furthermore, Plaintiffs are being compensated for approximately 50 percent of the amounts that they claim may be due to them in connection with their employment with Gabe's, plus, where applicable, a service award above and beyond non-wage damages.  (Doc. 76, p. 19.)  This agreement is the culmination of arms' length negotiations between represented parties, and "[e]ach Plaintiff has consented to the terms of the Agreement, including their individual award, by personally signing the Agreement."  (*Id.* at 20.)

Lastly, the court finds that the settlement agreement does not impermissibly frustrate the implementation of the FLSA.  Paragraph 10 of the agreement contains

a limited confidentiality provision. (Doc. 75-2, ¶ 10.) "There is 'broad consensus' that FLSA settlement agreements should not be kept confidential." *Diclemente v. Adams Outdoor Advert., Inc.*, No. 15-cv-0596, 2016 WL 3654462, at *4 (M.D. Pa. July 8, 2016). However, confidentiality provisions that are narrowly tailored and do not contain any sanctions may be permissible. *Id.* In this case, the confidentiality provision only prohibits Plaintiffs from disclosing the contents of the settlement agreement to a press release, press inquiry, or website or public social media posting. (Doc. 75-2, ¶ 10.) Nothing in the provision prevents Plaintiffs from disclosing the agreement for tax or legal purposes, or from discussing it privately with family, friends, or colleagues. (*Id.*) Further, the provision does not contain any sanctions against Plaintiffs if they violate the confidentiality provision. (*Id.*) Accordingly, neither the confidentiality provision, nor the settlement agreement as a whole, frustrate the implementation of the FLSA. *See id.*

## Conclusion

For the foregoing reasons, the joint motion to approve the settlement agreement will be granted. (Doc. 75.) An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: May 28, 2021